IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:19-cr-051 |
| | ) | |
| v. | ) | **GOVERNMENT'S RESISTANCE TO** |
| | ) | **DEFENDANT'S MOTION TO SEVER** |
| BRUCE LEE GAMBLE, | ) | |
| | ) | |
| Defendant, | ) | |

The United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, respectfully submits this resistance to the Defendant's Motion to Sever. (DCD 44). In support of this resistance, the Government states the following:

**I.     Background**

The Government believes the following facts will be established:

On 9/17/19, members of the Emergency Service Team and Detectives with the Southwest Iowa Narcotics Task Force conducted the search warrant at 1010 3rd Ave, Council Bluffs, Iowa. Upon arrival, officer made several verbal announcements that police were on location with a search warrant. After several verbal commands, officers breached the front door. The front and back doors were fortified but entry was made at the back door of the residence.  Officers then conducted a safety sweep of the apartment and Amanda Berard, Daniel Gabehart, Bruce Gamble, and Ashlea Thacker were located in an upstairs bedroom.  Albert Rocha was also detained.

 A search was then conducted.  The house was in complete disarray, was packed with various items including an enormous amount of bicycle parts.  During the search of the residence, detectives located several pieces of drug paraphernalia, marijuana, methamphetamine,

and several long guns and hand guns.  Methamphetamine was located in a safe. Methamphetamine was also found around a toilet along with an almost empty baggie, as if one of the occupants flushed the contents down the toilet.   A total of fifteen guns were taken from the residence, seven of those guns were reported stolen including two shotguns and five hand guns.  A large number of firearms were recovered from a duffle bag in the bedroom where the occupants were hiding at the time of the search warrant.  Two other loaded firearms were located in the living room area on the main floor of the apartment.

Gamble was read his Miranda warnings and then was asked if he lived at the residence and he stated they have been staying there for the past month, but did not live there.

## II.     ARGUMENT

### A.     Joinder was appropriate.

Federal Rules of Procedure Rule 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh,* 481 U.S. 200, 209, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987).

Federal Rules of Criminal Procedure Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government and provides: "If it appears that a defendant or the government is prejudiced by a joinder of ... defendants ... for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

A district court should grant a motion to sever under Rule 14 if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. *Zafiro v. United States*, 506 U.S. 534 (1993).

In this case, the details of the search warrant would be admissible to establish the reason for the search warrant, the location in the home of the drugs and firearms, the condition of the home, and the location of the occupants of the home at the time of the search warrant. The government would offer testimony that Gabehart distributed methamphetamine from the residence which was the basis for the search warrant but Gamble admitted to staying at the residence during this same time frame. The government would essentially present the same case for both Gabehart and Gamble.

A court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. *United States v. Brim,* 630 F.2d 1307, 1310 (8th Cir. 1980). To grant a motion for severance, the necessary prejudice must be "severe or compelling." *United States v. Warfield,* 97 F.3d 1014, 1018 (8th Cir. 1996). This is because "a joint trial gives the jury the best perspective on all of the evidence and, therefore, increases the likelihood of a correct outcome." *United States v. Darden,* 70 F.3d 1507, 1528 (8th Cir. 1995).

**B.     Gamble has not established prejudice**.

Under Federal Rules of Procedure Rule 14, a defendant must demonstrate that he has been prejudiced by the joinder before the court in its discretion may consider granting severance. A defendant seeking severance must affirmatively demonstrate that a joint trial will severely

prejudice that defendant's right to a fair trial. *United States v. Blum*, 65 F.3d 1436, 1444 (8th Cir. 1995), *cert denied*, 516 U.S. 1097 (1996). Disparity in the weight of evidence between the co-defendants is not sufficient grounds for severance. *United States v. Bordeaux*, 84 F.3d 1544, 1547 (8th Cir. 1996).

Gabehart is solely charged in Counts 1 and 2 of the indictment, so it is true that the officers involved will testify as to their investigation that substantiates the elements of Counts 1 and 2. The weight of the evidence as it relates to the numerous firearms dispersed in the home will be the same testimonial and physical evidence for both Gabehart and Gamble. The government will also introduce the drug and drug paraphernalia evidence that not only would prove Counts 1 and 2 related to Gabehart but also to prove Count 3 that directly relates to Gamble, specifically being a drug user.

**C.     The defenses do not appear to be antagonistic.**

The motion filed by Gamble addresses antagonistic defenses. Even when the defendants may have antagonistic defenses or may attempt to shift blame to one another, severance is not required. Hostility between co-defendants is not a basis for granting a motion for severance. *United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993).

Gamble asserts that Gabehart will testify on his behalf. This in itself proves that these defenses are anything but antagonistic. Any testimonial statements made by Gabehart would likely be used if the trials were joint or severed. These cases tried separately would be two identical trials, presenting the same facts, the same witnesses, and the same exhibits. The severance of this case is not supported by the motion filed by Gamble, the defenses are not antagonistic and two identical trials are not time effective and a waste of resources.

### III. Conclusion

Based on the aforementioned, the Government respectfully requests that this Court deny the Defendant's Motion to Sever in its entirety.

                         Respectfully submitted,

                         Marc Krickbaum
                         United States Attorney

By:  *S/Shelly Sudmann*
      Shelly Sudmann
      Assistant United States Attorney
      8 South 6th Street, Suite 348
      Council Bluffs, Iowa 51501
      Telephone:  (712) 256-5009
      Telefax:  (712) 256-5112
      E-mail:  shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

\_\_\_\_U.S. Mail _____ Fax \_\_\_\_\_Hand Delivery

 X \_\_\_ECF/Electronic filing     \_\_\_Other means

UNITED STATES ATTORNEY

By:  *S/PAC*
    Paralegal Specialist